**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**_____**

**ROGER DOMROES,**

                  **Plaintiff,**

        **v.**

**KAREN CZERKIES et al.,**

                  **Defendants.**
**_____**

**9:19-cv-932**
**(BKS/CFH)**

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Rupp Pfalzgraf LLC
1600 Liberty Building
424 Main Street
Buffalo, NY 14202

**FOR THE DEFENDANTS:**
HON. LETITIA JAMES
New York State Attorney General
The Capitol
Albany, NY 12224

**Brenda K. Sannes**
**Chief District Judge**

**OF COUNSEL:**

R. ANTHONY RUPP, III, ESQ.
CHAD A. DAVENPORT, ESQ.

BRITTANY M. HANER
MARK G. MITCHELL
Assistant Attorneys General

## <u>MEMORANDUM-DECISION AND ORDER</u>

### I.  <u>Introduction</u>

Plaintiff Roger Domroes brought this action pursuant to 42

U.S.C. § 1983, alleging that defendants Karen Czerkies and Lisa Kaelin

violated his Eighth Amendment rights.  (Am. Compl. at 12-15, Dkt. No.

106.)  Defendants now move for summary judgment on all claims.  (Dkt.

No. 126.)  For the reasons that follow, defendants' motion is granted in

part and denied in part.

## II. Background

### A. Facts[1]

At all relevant times, Domroes was incarcerated at Marcy

Correctional Facility.  (Defs.' Statement of Material Facts (SMF) ¶ 1, Dkt.

No. 126, Attach. 2.)  Czerkies worked at Marcy as a rehabilitation

counselor; Kaelin was her supervisor.  (*Id.* ¶¶ 5-6.)

According to Domroes, between Summer 2017 and March 2018,

Czerkies smuggled and got him addicted to drugs and performed sexual

acts on him, including oral sex and mutual masturbation.  (Dkt. No. 129,

Attach. 3 at 36, 43-46, 71-73,121.)  Defendants deny that any sexual

relationship occurred between Domroes and Czerkies, and maintain that

Domroes' allegations are uncorroborated by alleged witnesses and video-

surveillance footage.  (Defs.' SMF ¶¶ 27-28.)

On March 7, 2018, Domroes reported to Kaelin that Czerkies had

been engaging in an inappropriate sexual relationship with him.  (*Id.* ¶ 19.)

---

[1] Unless otherwise noted, the facts are not in dispute.

Kaelin immediately reported Domroes' allegations up the chain of
command and removed Domroes from all of Czerkies' counseling groups.
(*Id.* ¶ 21.)  Domroes recanted his abuse allegations in a sworn statement
to investigators; however, he reinstated his original allegations in a
subsequent sworn statement.  (*Id.* ¶¶ 29-30.)

According to Domroes, before he reported the sexual abuse
allegations to Kaelin on March 7, 2018, Kaelin was aware of the following:
Czerkies had been spoken to about having a "friendly nature" that some
incarcerated individuals interpreted as "flirtation," (Dkt. No. 129, Attach. 6
at 4); Czerkies tended to sit close to the incarcerated individuals in
classrooms, (*id.*); Czerkies had been caught passing love-song lyrics to an
incarcerated individual, (Dkt. No. 129, Attach. 1 at 122-27); and Czerkies
wore high-heeled cowboy boots to work on at least one occasion, (*id.* at
138-39).

**B.   <u>Procedural History</u>**

Domroes filed an amended complaint in January 2022, alleging the
following claims pursuant to 42 U.S.C. § 1983: (1) Eighth Amendment
sexual abuse against Czerkies; and (2) Eighth Amendment deliberate
indifference against Kaelin.  (Am. Compl. at 12-15.)  Defendants now

move for summary judgment.  (Dkt. No. 126.)

### III. <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law" and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*, 477 U.S. at 248).  The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.

If the moving party meets this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248, 250; *see also Celotex*, 477 U.S. at 323-24; *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  "When ruling on a summary judgment motion, the district court must construe the facts in the

4

light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). Still, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and cannot rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986) (citing *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985)).  Furthermore, although the Court "must refrain from assessing competing evidence . . . and avoid making credibility judgments," the Court is "not required to assume the truth of testimony 'so replete with inconsistencies and improbabilities that a reasonable jury could not [base a favorable finding on it].'"  *Saeli v. Chautauqua County*, 36 F.4th 445, 457 (2d Cir. 2022) (quoting *Jeffreys*, 426 F.3d at 553-55)).

## IV.  Discussion

### A.    Sexual Abuse Claim Against Czerkies

Defendants argue that no *genuine* issues of fact exist because Domroes' deposition testimony is uncorroborated by alleged witnesses and surveillance-video footage, and because Domroes recanted his sexual abuse allegations before subsequently reviving them and providing his deposition testimony.  (Dkt. No. 126, Attach. 1 at 5-8, 15-16.) Domroes counters that his sexual abuse claim against Czerkies should survive summary judgment because his "[deposition] testimony alone presents a triable issue of fact with regard to whether Ms. Czerkies coerced him into engaging in sexual conduct with her."  (Dkt. No. 129, Attach. 14 at 17.)  The Court agrees with Domroes.

The Eighth Amendment protects incarcerated individuals from cruel and unusual punishments by prison officials.  *See Wilson v. Seiter*, 501 U.S. 294, 296-304 (1991).  To establish an Eighth Amendment violation, a plaintiff must show (1) that the alleged deprivation is objectively sufficiently serious to constitute cruel and unusual punishment and (2) that the charged official acted with a sufficiently culpable state of mind.  *See Matzell v. Annucci*, 64 F.4th 425, 435 (2d Cir. 2023).  Both requirements

6

are met and the Eighth Amendment is violated by "[a] corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate." *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015); *see Hayes v. Dahlke*, 976 F.3d 259, 274-76 (2d Cir. 2020).

Here, genuine issues of fact exist as to whether Czerkies, acting without a legitimate penological purpose, made intentional contact with Domroes' intimate areas with the intent to gratify her sexual desire: Domroes testified that Czerkies, from summer 2017 to March 2018, motivated solely by her sexual desire, smuggled and got him addicted to drugs and performed sexual acts on him, including oral sex and mutual masturbation, (Dkt. No. 129, Attach. 3 at 36, 43-46, 71-73,121); on the other hand, defendants deny that any sexual relationship ever existed between Czerkies and Domroes.  (Dkt. No. 126, Attach. 1 at 15-16.) Although the lack of corroboration from video-surveillance footage and alleged witnesses diminishes the veracity of Domroes' deposition testimony, Domroes' testimony is not "so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension

7

of disbelief necessary to credit the allegations," *Jeffreys*, 426 F.3d at 555

(internal quotation marks and citation omitted).  This is because

defendants concede that the positioning of the video cameras make

undetected sexual contact "very difficult," but not impossible, (Dkt. No.

126, Attach. 1 at 6), and because prison staff and other incarcerated

individuals may have incentive to deny that Czerkies was smuggling drugs

and sexually abusing incarcerated individuals.  Moreover, Domroes

provided a facially plausible explanation for his recantation and the

subsequent revival of his allegations: he claims he did so because of a

"mental health moment" due to the anxiety and stress he felt about coming

forward and because he mistakenly believed he could salvage his

relationship with Czerkies, (Dkt. No. 129, Attach. 14 at 13).  *Cf. Jeffreys*,

426 F.3d at 555 n.2 ("[I]f there is a plausible explanation for discrepancies

in a party's testimony, the court considering a summary judgment motion

should not disregard the later testimony because of an earlier account that

was ambiguous, confusing, or simply incomplete.") (internal quotation

marks and citation omitted).  As a result, the ultimate resolution of the

facts must be made by a jury, as there are clearly disputes of fact and

credibility determinations that cannot be made by the Court on a motion

for summary judgment.  *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.") (citations omitted).  All that matters now is that, if believed, Domroes' allegations establish an Eighth Amendment violation. Therefore, with respect to Domroes' sexual abuse claim against Czerkies, defendants motion for summary judgment must be denied.

### B.  Deliberate Indifference Claim Against Kaelin

Defendants argue that Domroes' deliberate indifference claim against Kaelin must be dismissed because—prior to March 7, 2018 when Domroes reported that he was sexually involved with Czerkies and Kaelin reported the allegations and removed Domroes from Czerkies' programming—nothing in the record demonstrates that Kaelin had knowledge that Domroes faced a substantial risk of sexual abuse.  (Dkt. No. 126, Attach. 1 at 11-12.)  Domroes contends that Kaelin had knowledge, prior to March 7, 2018, that Czerkies posed a substantial risk of sexual abuse and that Kaelin did not take steps to reasonably abate that risk.  (Dkt. No. 129, Attach. 14 at 11-18.)  Specifically, Domroes argues that Kaelin's knowledge of the substantial risk of sexual abuse,

prior to March 7, 2018, is established by the fact that Kaelin was aware that Czerkies (1) sat close to incarcerated individuals in classrooms, (2) had a "very friendly nature" that some incarcerated individuals perceived as flirtation, (3) dressed "promiscuously" by wearing high-heeled cowboy boots, and (4) passed lyrics to love songs to another incarcerated individual.  (*Id.* at 11-18, 23.)  The Court agrees with defendants.

The Eighth Amendment imposes liability on prison officials who display deliberate indifference to a substantial risk of sexual abuse.  *See Farmer v. Brennan*, 511 U.S. 825,832-38 (1994); *Tangreti v. Bachmann*, 983 F.3d 609, 618-19 (2d Cir. 2020).  To establish a prison official's deliberate indifference, the official must have knowledge that an incarcerated individual faces a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate the potential harm.  *See Farmer*, 511 U.S. at 847; *Vega v. Semple*, 963 F.3d 259, 273 (2d Cir. 2020) (citing *Farmer*, 511 U.S. at 834-37).  Because subjective awareness of the risk is required in order to "isolate[] those who inflict punishment," *Farmer*, 511 U.S. at 839, a prison official "cannot be liable under the Eighth Amendment for mere negligence," *Vega*, 963 F.3d at 274; *see Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (noting

that the required "mental state [is] equivalent to subjective recklessness, as the term is used in criminal law") (citing *Farmer*, 511 U.S. at 839-40). Thus, the "defendant's belief that [her] conduct poses no risk of serious harm (or an insubstantial risk of serious harm) need not be sound so long as it is sincere." *Salahuddin*, 467 F.3d at 281.

Here, Kaelin testified that, prior to March 7, 2018, she was unaware of Domroes' alleged sexual relationship with Czerkies and did not testify that she believed Czerkies posed any risk of sexually abusing incarcerated individuals. (Dkt. No. 129, Attach. 1 at 69-70, 89, 129-30; Dkt. No. 126, Attach. 8 at 3-4.)[2] Although a "factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious," *Farmer*, 511 U.S. at 842, no reasonable jury could conclude that sitting close, being "overly friendly," wearing high-heeled cowboy boots, and passing love-song lyrics presented an obvious substantial risk of sexual abuse, such that Kaelin *must have* had awareness of the risk.

---

[2]  Domroes speculates that records of a 2021 investigation that he "is in the process of seeking to obtain" could show that Czerkies was accused of sexual misconduct in a separate incident. (Dkt. No. 129, Attach. 13 at 10-11.)  The Court notes that the deadline for discovery has passed, (Dkt. No. 117), and Domroes has not sought additional time to take discovery under Fed.R. Civ.P 56(d)(2) or provided any basis for such relief. Domroes makes no argument that he was unaware of, or unable to obtain, the records during discovery. *See Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 928 (2d Cir. 1985) ("A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need.").

*See Tangreti*, 983 F.3d at 613, 619-20 (holding that no reasonable jury could conclude that an alleged sexual abuser's "lingering at the [incarcerated individual's] doorway," "inappropriate" conversations with the incarcerated individual about other prison officials, and relationship with the incarcerated individual that appeared "too familiar" created an obvious substantial risk of sexual abuse).  Accordingly, no reasonable jury could find that Kaelin possessed a sufficiently culpable state of mind and Domroes' deliberate indifference claim against her must be dismissed.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 126) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**GRANTED** as to Domroes' Eighth Amendment claim against Kaelin; and **DENIED** in all other respects; and it is further

**ORDERED** that the only remaining claim is Domroes' Eighth Amendment claim against Czerkies; and it is further

**ORDERED** that this case is deemed trial ready and a trial scheduling order will be issued in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

April 4, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge