UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROGER DOMROES,

                 Plaintiff,

v.

KAREN CZERKIES,

                 Defendant.

9:19-cv-932
(BKS/CFH)

_____

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Rupp Pfalzgraf LLC
1600 Liberty Building
424 Main Street
Buffalo, NY 14202

**FOR THE DEFENDANT:**
HON. LETITIA JAMES
New York State Attorney General
The Capitol
Albany, NY 12224

**OF COUNSEL:**

R. ANTHONY RUPP, III, ESQ.
CHAD A. DAVENPORT, ESQ.

BRITTANY M. HANER
MARK G. MITCHELL
Assistant Attorneys General

**Brenda K. Sannes**
**Chief District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Roger Domroes brings this action pursuant to 42 U.S.C. § 1983 against defendant Karen Czerkies, asserting an Eighth Amendment sexual-abuse claim. (Am. Compl. at 12-15, Dkt. No. 106.) The case is set

for trial on August 19, 2024. (Dkt. No. 135.) Presently before the Court are the parties' motions in limine and responses. (Dkt. Nos. 159, 166, 172, 174.) The Court heard oral argument on the motions at a final pretrial telephonic conference on August 8, 2024. A continuation of the final pretrial conference is scheduled for August 15, 2024 to further discuss some of the motions.

## II. Defendant's Motions in Limine

### A.   Plaintiff's Criminal Convictions

Defendant moves, for the purposes of impeaching Plaintiff's character for truthfulness under Federal Rule of Evidence 609, to admit Plaintiff's three felony convictions: (1) a 2008 robbery in the first degree conviction, resulting in a nine-year prison sentence for which Plaintiff was released to parole supervision in November 2020; (2) a 2003 attempted burglary in the third degree conviction, resulting in a two to four-year prison sentence for which Plaintiff was released in April 2007; and (3) a 1997 robbery in the third degree conviction, resulting in a two-and-one-half to five-year prison sentence for which Plaintiff was released to parole supervision in September 2001. (Dkt. No. 159, Attach. 1 at 1-4.) Plaintiff contends that these convictions offer "little probative value in terms of his

veracity," given the nature of each crime and age of each conviction. (Dkt. No. 166, Attach. 2 at 7-11). Accordingly, Plaintiff argues that each conviction must be excluded because its probative value is substantially outweighed by the "'risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable [state actors].'" (*Id.* at 8 (citation omitted).)

    Rule 609(a)(1) of the Federal Rules of Evidence provides that, in a civil case, "subject to Rule 403," evidence of a prior criminal conviction "must be admitted" to impeach a witness where the conviction was "for a crime that . . . was punishable . . . by imprisonment for more than one year." Fed. R. Evid. 609(a)(1)(A). "The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (quoting Fed. R. Evid. 403).

Rule 609(a)(2) provides that, "for any crime regardless of the punishment," evidence of a criminal conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Unlike Rule 609(a)(1), Rule 609(a)(2) does not require a balancing under Rule 403: "'evidence of conviction of a certain type of crime[,] one involving dishonesty o[r] false statement[,] must be admitted, with the trial court having no discretion.'" *United States v. Bumagin,* 136 F. Supp. 3d 361, 375 (E.D.N.Y. 2015) (first and third alterations in original) (quoting *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977)).

The applicability of Rule 609(a) is, however, limited by Rule 609(b), which provides that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," then "[e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

Here, as an initial matter, Plaintiff's convictions are not admissible under Rule 609(a)(2) because the Court cannot readily determine, and Defendant does not appear to argue, that establishing the elements of the

4

underlying crimes required proving a dishonest act or false statement. *See Ramsay-Nobles v. Keyser*, 16 Civ. 5778, 2020 WL 359901, at *2 (S.D.N.Y. Jan. 22, 2020) ("As a general rule in the Second Circuit, the violent crimes of robbery, burglary[,] and assault are not deemed to fall within the meaning of the phrase 'dishonest act or false statement' as used in Rule 609(a)(2)." (collecting cases)).

  1. *2008 Robbery in the First Degree*

Plaintiff's conviction for robbery in the first degree is subject to Rule 609(a)(1)(A) because the crime was punishable by imprisonment for more than one year and because less than ten years have passed since Plaintiff's release from confinement, rendering Rule 609(b) inapplicable. Thus, Plaintiff's robbery in the first degree conviction must be admitted unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See Estrada*, 430 F.3d at 620-21.

Plaintiff's robbery in the first degree conviction is probative of his character for truthfulness because "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify

5

truthfully." *Id.* at 617 (citation omitted). Although all felonies are not equally probative of credibility and crimes of violence are not particularly probative as to honesty, *see id.* at 617-18, 621, given the centrality of Plaintiff's truthfulness to the issue in this case, the conviction's probative value is not substantially outweighed by the risks contemplated by Rule 403 because the jury will know by the nature of Plaintiff's claim against Defendant that he was convicted of a crime and was serving a prison sentence, which limits the risk of unfair prejudice of introducing the fact that Plaintiff has a prior conviction. *See Crenshaw v. Herbert*, 409 F. App'x 428, 431-32 (2d Cir. 2011) (finding no abuse of discretion in admitting evidence of a prior conviction in a § 1983 case because "[e]vidence of [the plaintiff's prior conviction] was probative of his veracity, a central issue in [the] case because the jury was required to choose between two contradictory versions of the underlying incident" (internal citation omitted)).

Thus, Defendant is permitted to inquire into Plaintiff's 2008 robbery in the first degree conviction, but he may only inquire into "the 'essential facts' of [the] conviction[], including the statutory name[,] . . . the date of conviction, and the sentence imposed." *Estrada*, 430 F.3d at 615 (citation

6

omitted).

   *2.   2003 Attempted Burglary and 1997 Robbery*

Plaintiff's 2003 attempted burglary and 1997 robbery in the third degree convictions are subject to Rule 609(b) because more than ten years have passed since Plaintiff's release from confinement. Thus, evidence of the convictions is only admissible if their probative value substantially outweighs their prejudicial effect. *See* Fed. R. Evid. 609(b)(1).

The probative value of the convictions is diminished by the passage of time because Plaintiff was released from confinement for his attempted burglary and robbery in the third degree convictions in 2007 and 2001, respectively, (Dkt. No. 159, Attach. 1 at 2). *See Twitty v. Ashcroft*, No. 3:04-CV-410, 2010 WL 1677757, at *2 (D. Conn. Apr. 23, 2010) (noting that the "'probative value of a conviction decreases as its age increases'" (citation omitted)). Moreover, neither burglary nor robbery are peculiarly probative of character for truthfulness. *See Estrada*, 430 F.3d at 617-19. Accordingly, having already found evidence of Plaintiff's 2008 robbery in the first degree conviction admissible, the Court finds that the incremental probative value of these convictions, to impeach Plaintiff's character for

truthfulness, does not substantially outweigh their prejudicial effect. *See Espinosa v. McCabe*, No. 9:10-cv-497, 2014 WL 988832, at *6 (N.D.N.Y. Mar. 12, 2014) (noting that the factor of "cumulative evidence militate[s] against admitting evidence of each of [the p]laintiff's felony convictions"). Therefore, evidence of Plaintiff's conviction for attempted burglary and evidence of his conviction for robbery in the third degree is excluded.

**B.     Plaintiff's Other Federal Lawsuit**

In January 2023, Plaintiff commenced a lawsuit in the Western District of New York. (Dkt. No. 159, Attach. 1 at 6.) Plaintiff's pleading in that lawsuit alleged that he suffered psychological injuries as a result of an incident that occurred at Elmira Correctional Facility in 2020, and that Plaintiff "'had post-traumatic stress disorder ('PTSD') as a result of traumatic events that happened 35 years ago while he was imprisoned in [Elmira Correctional Facility].'" (*Id.* (citation omitted).) Defendant argues that he should be permitted to cross-examine Plaintiff about allegations made in the other lawsuit because they are relevant to determining causation and damages in this action, where Plaintiff asserts that Defendant's sexual abused caused emotional injuries. (*Id.*) Plaintiff counters that the other lawsuit is not relevant under Rule 401, and, even if

8

it was, evidence of the other lawsuit should be excluded under Rule 403 because it "may lead the jury to view [him] as overly litigious" and would "necessitate a 'trial within a trial' to explain the context of the other lawsuit." (Dkt. No. 172 at 7.)

Under Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401(a-b). Rule 403 provides that a court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added).

Here, Plaintiff's claims of injury in the other lawsuit are relevant under Rule 401 because they have the tendency to make the cause and amount of damages alleged in this action to be more or less probable. *See Brewer v. Jones*, 222 F. App'x 69, 70 (2d Cir. 2007) (holding that evidence from another lawsuit filed by the plaintiff was relevant where that evidence could show "a possible cause of [the plaintiff's] injury unrelated to the acts of the defendant"). Therefore, to the extent that Defendant introduces limited

evidence of Plaintiff's other alleged emotional injuries for purposes of refuting causation and avoids cross examining Plaintiff using language that references a "lawsuit" or portrays him as being litigious, evidence of the other lawsuit is admissible under Rules 401 and 403. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 542-43 (E.D.N.Y. 2011) (allowing "limited evidence regarding [another] lawsuit, to mitigate [the] plaintiff's legitimate concerns of unfair prejudice, distraction and waste of time," where the plaintiff was concerned about the evidence being introduced to demonstrate that he was a chronic litigant).

**C.    Defendant's Personnel and Disciplinary Records**

Defendant moves to exclude any evidence or trial testimony concerning her personnel or disciplinary records. (Dkt. No. 159, Attach. 1 at 10.) At the final pretrial conference on August 8, 2024, Plaintiff indicated that he sought to cross-examine Defendant, for purposes of impeachment, about a 2021 investigation of Defendant's conduct, about which, when questioned during her deposition, Defendant testified that she could not remember any details. Plaintiff conceded that, although he can adduce evidence that the 2021 investigation resulted in Defendant having to change facilities, he cannot adduce evidence regarding the specific

contents of the 2021 investigation.

Defendant contends that evidence of the 2021 investigation and all other evidence of her personnel and disciplinary records should be excluded under Rule 403 because "any probative value that could be gleaned from such evidence would be substantially outweighed by the risks of unfair prejudice, confusing the issues, and misleading the jury," and that "there is a substantial risk that the jury might view the evidence as showing a propensity to act improperly toward inmates, contrary to [Rule 404 (b)(1)]." (Dkt. No. 159, Attach. 1 at 10-11.)

Given the minimal amount of information regarding the contents of the 2021 investigation that has been presented to the Court, the Court finds that its probative value is substantially outweighed by the dangers of unfair prejudice to Defendant and confusion of the jury because it is not at all clear what the investigation related to, creating a substantial risk that the jury will be misled or presented with improper character evidence under Rule 404 (b)(1).  See Fed. R. Evid. 403; *Tubbs v. Uhler*, 9:19-CV-126, 2024 WL 1219754, at *4 (N.D.N.Y. Mar. 21, 2024) (excluding the defendants' disciplinary histories and personnel files because "[t]he issues before the jury at trial are the specific allegations claimed by [the p]laintiff

11

against each [d]efendant and nothing more.  Introduction of this evidence would serve no purpose other than to confuse the jury and distract them from the issues in this case and set forth improper character evidence, which is inadmissible" (citing Fed. R. Evid. 404(b)(1))).

Therefore, to the extent that Plaintiff seeks to introduce evidence or testimony regarding the 2021 investigation, Defendant's motion is granted in part.  If Plaintiff seeks to introduce any other evidence or testimony regarding Defendant's personnel or disciplinary records, the Court reserves the right to rule at the continued final pretrial conference on August 15, 2024 or at trial.

**D.    Plaintiff's Dismissed Claims**

Defendant seeks to exclude evidence relating solely to Plaintiff's dismissed Eighth Amendment claim against Lisa Kaelin.  (Dkt. No. 159, Attach. 1 at 11.)  Defendant argues that such evidence would be "irrelevant, unduly prejudicial, confusing and a waste of time."  (*Id.*)  Plaintiff "agrees that references to dismissed claims should generally be precluded," (Dkt. No. 172 at 12), and indicated at the final pretrial conference on August 8, 2024 that he does not intend to introduce evidence of any dismissed claims.  Accordingly, Defendant's motion is

denied as moot.

### E.     Requesting a Specific Amount in Damages During Summation

Defendant moves to preclude Plaintiff from requesting a specific dollar amount for compensatory or punitive damages during summation. (Dkt. No. 159, Attach. 1 at 12-13.)  Plaintiff argues that he "should be permitted to reference specific damages amounts for compensable damages during closing arguments, provided these amounts are grounded in the evidence presented at trial" because "[p]rohibiting any discussion of damages amounts would unfairly hamper [his] ability to argue his case." (Dkt. No. 172 at 12-14.)

In the Second Circuit, the decision of whether to permit an attorney to argue for specific amounts in damages "is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997) (citation omitted).  However, "specifying target amounts for the jury to award is disfavored." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds, Consorti v. Owens-Corning Fiberglas Corp.*, 518 U.S. 1031 (1996).  Target amounts

"anchor the jurors' expectations of a fair award at the place set by counsel, rather than by the evidence." *Ferreira v. City of Binghamton*, No. 3:13-CV-107, 2016 WL 4991600, at *5 (N.D.N.Y. Sept. 16, 2016) (quoting *Consorti*, 72 F.3d at 1016). Courts within the Second Circuit often preclude plaintiffs from naming particular sums when the damages are non-economic. *See Ross v. Guy*, 18-CV-1340, 2022 WL 768196, at *7 (E.D.N.Y. Mar. 14, 2022) (collecting cases).

Here, Plaintiff indicated at the final pretrial conference on August 8, 2024 that he intends to request specific dollar amounts for damages during summation, but did not specify these amounts or upon what they are based. The Court is disinclined to allow argument as to a specific damages amount absent some basis for quantification of the damages. But because the Court's decision on this issue may be impacted by evidence admitted at trial, the Court reserves.

**F.     Defendant's Remaining Motions**

Defendant also moves to (1) be permitted to cross-examine Plaintiff about his prison disciplinary records; (2) preclude Plaintiff from offering any testimony or evidence about other instances of sexual abuse at Marcy Correctional Facility; (3) preclude Plaintiff from offering any testimony or

evidence about Defendant's reputation for engaging in sexual abuse; (4) preclude Rachel Herzog from testifying as to any information outside of her own medical records and treatment of Plaintiff; (5) preclude Plaintiff from introducing previously undisclosed medical-treatment records from Rachel Herzog at trial; (6) preclude Plaintiff from introducing a letter from Herzog, and any opinion testimony contained within it, at trial; (7) preclude Plaintiff from introducing evidence of a purported affidavit from Rodney Ferrer at trial; and (8) preclude Plaintiff from calling any witnesses at trial who are not on his witness list. (Dkt. No. 159, Attach. 1; Dkt. No. 174, Attach. 1.)

As discussed with the parties at the final pretrial conference on August 8, 2024, the Court lacks an adequate basis to decide these motions at this time and, to the extent possible, will rule on them orally at the continued final pretrial conference on August 15, 2024, or, if necessary, at trial.

### III.  Plaintiff's Motions in Limine

**A.    Presenting Qualified Immunity to the Jury**

Plaintiff seeks to preclude any evidence that would support Defendant's qualified immunity defense, and, correspondingly, any argument by Defendant regarding the same. (Dkt. No. 166, Attach. 2 at

17-18.)  Plaintiff correctly notes that the applicability of qualified immunity poses a legal question for the court and argues that "if the jury finds that Defendant committed the actions complained of . . . there can be no qualified immunity [because t]he right of prisoners to be free from sexual abuse at the hands of corrections staff has been clearly established for decades."  (*Id.* at 17.)

As the Court discussed during the final pretrial conference, it will follow its normal practice of submitting special interrogatories that pertain to qualified immunity to the jury provided that there is a finding of liability, and then resolve the ultimate issue in light of the jury's findings of fact as required by Second Circuit precedent.  *See Walker v. Schult*, 45 F.4th 598, 617-18 (2d Cir. 2022).  Accordingly, Plaintiff's motion is denied.

## B.   Non-Party Witness Testimony

Plaintiff argues that certain defense witnesses — Dawn Calhoun, Brian Austin, Thomas Collins, Sarah Higgins, Danielle Medbury, and James Knoll — should be precluded or limited because "much of the anticipated testimony from these witnesses is irrelevant," and "[t]heir lack of knowledge about the alleged abuse does not make it less likely that the abuse occurred, and allowing such testimony would waste time and

16

potentially mislead the jury." (Dkt. No. 166, Attach. 2 at 18-21.) In response, Defendant indicates that she does not intend to call certain of those witnesses, and contends that each of them will provide testimony relevant to, among other things, Plaintiff's credibility. (Dkt. No. 174, Attach. 1 at 13-17.) The parties seemingly agreed during the final pretrial conference that Austin could testify about his conversations with Plaintiff during the investigation that he conducted.

As with so many other pretrial rulings, it is difficult for the Court to dispose of this motion without appropriate context. The Court provided some guidance to the parties during the final pretrial conference about how it could rule depending on the then-existing record. The parties are free to revisit these issues at the appropriate juncture during trial. Accordingly, the court must reserve.

## C.   Evidence From Marcy Site Inspection

Plaintiff seeks to preclude all pictures and testimony related to photographs from the site inspection of Marcy Correctional Facility conducted in June 2024. (Dkt. No. 166, Attach. 2 at 21.) Plaintiff argues that this evidence is not relevant under Rule 401 and poses a danger of misleading the jury that substantially outweighs its probative value because

"the current state of the facility is not representative of its condition during the *relevant* time period of 2017-2018." (*Id.* at 21-23 (emphasis added).)[1] Defendant counters that she "expects to establish the appropriate foundation and authentication for the photographs through the testimony of various witnesses with personal knowledge, including Captain Christopher Zike, that the photographs are fair and accurate representations of how the locations looked. . . when Plaintiff claims that the alleged sexual abuse occurred." (Dkt. No. 174, Attach. 1 at 17.)

Rule 901(a) provides that to authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." This requirement may be satisfied by testimony of a witness with personal knowledge that the item is what it is claimed to be. *See* Fed. R. Evid. 901(b)(1). "The standard for admissibility of photographs requires the witness to recognize and identify the object depicted and testify that the photograph is a fair representation of what it purports to portray." *Zerega Ave. Realty Corp. v. Hornbeck*

---

[1] Plaintiff also argues that the photographs must be excluded because the site inspection was conducted after the close of discovery. (Dkt. No. 166, Attach. 2 at 22-23.) However, this argument is unavailing because Plaintiff concedes that he "consented to the site inspection," which "mitigate[d] concerns about unfair surprise," (*id.*), and Plaintiff articulates no prejudice. *Cf. Moroughan v. County of Suffolk*, 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018) ("The decision whether to reopen discovery is within a district court's discretion." (collecting cases)).

*Offshore Transp., LLC*, 571 F.3d 206, 214 (2d Cir. 2009) (citation omitted).

Accordingly, to the extent that Defendant establishes, through a witness with personal knowledge, that the photographs from the 2024 site inspection are fair representations of the site's condition when the alleged sexual abuse occurred, and that those locations are relevant, the photographs would be admissible.

### D. Plaintiff's Remaining Motions

Plaintiff also moves to (1) preclude evidence of all letters sent by him and other incarcerated individuals to Defendant and DOCCS staff after May 7, 2018; (2) preclude evidence of his prison disciplinary records; and (3) preclude records related to criminal and prison disciplinary proceedings initiated by Defendant against him. (Dkt. No. 166, Attach. 2.)

The Court provided guidance to the parties at the final pretrial conference on August 8, 2024, and directed counsel to meet and confer regarding the letters defense counsel seeks to introduce in their case-in-chief at trial. The Court will rule on the remaining motions orally at the continued final pretrial conference on August 15, 2024 or, if necessary, at trial.[2]

---

[2] Plaintiff also moves to preclude "any evidence or mention of his prior criminal history" (Dkt. No. 166, Attch 2 at 6). The Court has decided this issue in the context of

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Defendant and Plaintiff's motions in limine (Dkt. Nos. 159, 166) are **GRANTED IN PART** and **DENIED IN PART** as set forth above; and it is further

**ORDERED** that the Court otherwise **RESERVES** decision; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 13, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

Defendant's motion. *See supra* Part II A.