**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROGER DOMROES,

                          Plaintiff,                    9:19-cv-932 (BKS/CFH)

v.

KAREN CZERKIES,

                          Defendant.

**Appearances:**

*For Plaintiff*:
Chad A. Davenport
R. Anthony Rupp, III
Rupp Pfalzgraf LLC
1600 Liberty Building
Buffalo, NY 14215

*For Defendant*:
Letitia James
Attorney General of the State of New York
Brittany M. Haner
Mark G. Mitchell
Assistant Attorneys General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff pro se Roger Domroes filed this action under 42 U.S.C. § 1983 against

Defendant Karen Czerkies alleging that defendant violated his Eighth Amendment rights. After a

four-day jury trial before this Court in August 2024, the jury returned a verdict finding that

Plaintiff failed to prove his claim by a preponderance of the evidence. (Dkt. No. 184). On

September 16, 2024, Defendant Czerkies filed a motion for bill of costs, which is currently before the Court. (Dkt. No. 189). Plaintiff has filed objections to the motion. (Dkt. No. 190). For the following reasons, Defendant's motion is granted in part and denied in part.

## II.    APPLICABLE STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." "[T]he Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920," *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016), which provides that the following costs are taxable: (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case"; (3) fees for printing and witnesses; (4) fees for exemplification and copying costs "where the copies are necessarily obtained for use in the case"; (5) docketing fees under 28 U.S.C. § 1923; and (6) fees for court-appointed experts and interpreters. 28 U.S.C. § 1920. "The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *Cohen v. Bank of N.Y. Mellon Corp.*, No. 11-cv-0456, 2014 WL 1652229, at *1, 2014 U.S. Dist. LEXIS 57829, at *2 (S.D.N.Y. Apr. 24, 2014) (quoting *John G. v. Bd. of Educ.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995)). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270.

## III.    DISCUSSION

Defendant seeks $1,908.36 in costs associated with defending this action. (Dkt. No. 189, at 1). Plaintiff disputes this amount. (Dkt. No. 190).

A.    **Deposition Transcript Cost**

Defendant seeks reimbursement for one copy of Plaintiff's deposition, which totals

$891.36, and has attached the invoice supporting the request. (Dkt. No. 198, at 6). Plaintiff

argues that "[t]he costs for deposition transcripts, $861.36 should be denied or reduced, as they

were not shown to be 'necessarily obtained for use in the case' per 28 U.S.C. § 1920(2)." (Dkt.

No. 190, at 1).

A prevailing party is "ordinarily . . . permitted to recover costs for the original and one

copy of [a] transcript[]." *C.C. ex rel. Camarata v. Polaris Indus., Inc.*, No. 14-cv-0975, 2018 WL

3031848, at *5, 2018 U.S. Dist. LEXIS 101785, at *18 (N.D.N.Y. June 19, 2018). Stenographer

fees are generally recoverable, *Hines v. City of Albany*, 862 F.3d 215, 219 n.2 (2d Cir. 2017), as

are exhibit fees, because "exhibits are a necessary part of an original deposition transcript," *In re

Omeprazole Patent Litig.*, No. 00-cv-6749, 2012 WL 5427849, at *4, 2012 U.S. Dist. LEXIS

160046, at *18 (S.D.N.Y. Nov. 7, 2012). "To be taxable, a transcript cost, including copies of

transcripts, must be 'necessarily obtained for use in the case.'" *N.D.N.Y. Guidelines for Bills of

Costs*, II(D)(1) (quoting 28 U.S.C. § 1902(2)).[1] The "[t]ranscript of deposition of a party to the

case" is a "commonly taxable court reporter fee[]." *Id.* at II(D)(1)(c).

Here, Plaintiff's deposition transcript was part of the record before the Court at the

summary judgment stage of the litigation, (*see* Dkt. No. 129-3), and was marked for

identification during trial, (Dkt. No. 183, at 1). Thus, Plaintiff's deposition was "necessarily

obtained for use in the case." 28 U.S.C. § 1902(2); *see Cutie v. Sheehan*, No. 11-cv-66, 2016 WL

3661395, at *3, 2016 U.S. Dist. LEXIS 86548, at *9 (N.D.N.Y. July 5, 2016) ("[When a

transcript has been filed, the court must necessarily 'use it, since summary judgment may be

---

[1] *Available at* https://www.nynd.uscourts.gov/sites/nynd/files/Guidelines_Bill_of_Costs_091021.pdf.

granted only 'if the pleadings, depositions, answers to interrogatories, and admissions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (quoting *Whitfield*, 241 F.3d at 271)); *see also Boateng v. BMW AG*, 753 F. Supp. 3d 215, 260 (E.D.N.Y. 2024). ("[C]ases have established the sensible rule that the costs of depositions not used at the trial may nevertheless be taxed for costs where they appear to have been reasonably necessary to the litigation at the time they were taken." (quoting *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 285 F.R.D. 225, 235 (E.D.N.Y. 2012)). Accordingly, Plaintiff's objection is overruled and Defendant's request for the cost of Plaintiff's deposition in the amount of $891.36 is granted.

### B.    Witness Fees

Defendant seeks a total of $361.00 for witness fees under 28 U.S.C. § 1821. (Dkt. No. 189, at 3). Specifically, Defendant seek $40.00 for each of its five witnesses,[2] plus $116.00 in subsistence costs for Thomas Collins, M.D., who traveled from Westchester County, New York to Syracuse, New York to testify at trial. (Dkt. No. 189, at 3). Plaintiff objects to "[t]he witness fees for Dr. Collins' overnight stay, $116.00," as "unnecessary." (Dkt. No. 190, ¶ 5). Plaintiff argues that Defendants failed to show "why Dr. Collins could not have traveled to testify on the morning of August 21, 2024, without requiring overnight accommodations." (*Id.*). Defendant attached the invoice for Dr. Collins' overnight stay, (Dkt. No. 189, at 8), and states: "It was necessary for Dr. Collins to stay overnight in Syracuse in order to be available to testify on the morning of August 21, 2024," (*id.* at 4).

Under 28 U.S.C. § 1821(d)(1), "[a] subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed

---

[2] "A witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b).

from the residence of such witness as to prohibit return thereto from day to day." The Court takes

judicial notice that the distance between Westchester County and Syracuse is approximately 250

miles. *See* https://www.google.com/maps/dir; *see also Brisco v. Ercole*, 565 F.3d 80, 84 n.2 (2d

Cir. 2009) (taking judicial notice of the distance between two houses). The Court therefore has

little difficulty concluding an overnight stay was required. *See Yunus v. Jones*, No. 16-cv-1282,

2020 WL 3026238, at *2, 2020 U.S. Dist. LEXIS 98922, at *7 (N.D.N.Y. June 5, 2020) (finding

the "Defendants' stated reason for the overnight stay" was sufficient to warrant the imposition of

subsistence cost where witness was required to travel "approximately two hours and 48 minutes"

to testify in Syracuse). Accordingly, Defendant is entitled to $361.00 in witness fees.

### C.    Copying Costs

Defendant seeks $731.00 in costs for copying 2,924 pages at $0.25 per page, asserting

"[t]he pages were necessary in that they consist of Defendant's mandatory disclosures and

supplemental disclosures." (Dkt. No. 189, at 4). Plaintiff objects, arguing that Defendant failed to

provide "sufficient itemization to justify the necessity of copying 2,924 pages of disclosures,"

and, as such, the request for $731.00 in copying costs is "excessive and should be substantially

reduced." (Dkt. No. 190, ¶ 6).

Under 28 U.S.C. § 1920(4), courts may tax "the costs of making copies of any materials

where the copies are necessarily obtained for use in the case." Plaintiff does not argue that the

copies were not "necessarily obtained for use," only that Defendant did not itemize the 2,924

pages sufficiently. (Dkt. No. 190, ¶ 6). The Northern District of New York's *Guidelines for Bills

of Costs*, II.H.3. requires that "[a]ny invoice" or in-house billing records "should clearly

indicate" or explain: the "document copied, including the docket number;" "[t]he number of

pages in the document;" "[t]he number of copies made;" "[t]he per-page rate;" and [t]he total

cost." Defendant did not provide a billing statement or invoice, and instead provided the

following statement: "The cost is $731.00, for copying 2,924 pages at $0.25 per page. The pages were necessary in that they consist of Defendant's mandatory disclosures and supplemental disclosures." (Dkt. No. 189, at 4). Defendant cites *Yunus*, 2020 WL 3026238, at *3, 2020 U.S. Dist. LEXIS 98922, at *9, in support of her request for copies of mandatory disclosures, (Dkt. No. 189, at 4), but in *Yunus*, the defendant only sought reimbursement for 167 pages at a rate of $0.25 per page (for a total of $41.75). Here, by contrast, Defendant seeks substantially more—a total of $731.00 for 2,924 pages—and has provided no itemization of the "document[s] copied." *Guidelines for Bills of Costs*, II.H.3.a. Accordingly, Defendant's request is denied.

### D.    Indigency

Finally, Plaintiff argues that "[i]mposing costs on a plaintiff who began litigation pro se and is indigent would be particularly punitive and discourage future pro se, indigent litigants from pursuing valid claims." (Dkt. No. 190, ¶ 7). The Court notes that Plaintiff commenced this action pro se and that Court granted Plaintiff leave to proceed in forma pauperis. (Dkt. Nos. 1, 2, 4). A court "may, in considering the equities of the case, deny costs due to factors such as financial hardship." *Campbell v. Empire Merchs., LLC*, No. 16-cv-5643, 2020 WL 587484, at *1, 2020 U.S. Dist. LEXIS 21742, at *2  (E.D.N.Y. Feb. 6, 2020) (citations omitted). However, Plaintiff, as the losing party, bears the burden of "showing that costs should not be imposed." *Id.* 2020 WL 587484, at *1, 2020 U.S. Dist. LEXIS 21742, at *2. While a court may deny costs "on account of the losing party's indigency," indigency "per se does not automatically preclude an award of costs." *Id.* 2020 WL 587484, at *1, 2020 U.S. Dist. LEXIS 21742, at *2–3. As a matter of discretion, a court may order the payment of costs by a party proceeding in forma pauperis. *See Feliciano v. Selsky*, 205 F.3d 568, 572 (2d Cir. 2000). The decision is "informed by any factor the court deems relevant, including the purpose of the in forma pauperis statute, the

history of the party as litigator, good faith[,] and the actual dollars involved." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff has not submitted evidence showing that he lacks the resources to pay the modest bill of costs, and considering all of the factors in this case, the Court will not excuse Plaintiff from his obligation to pay costs. *See*, *e.g.*, *Hogan v. Novartis Pharms. Corp.*, 548 F. App'x 672, 674 (2d Cir. 2013) (summary order) (finding no abuse of discretion and affirming the imposition of costs where the plaintiff "presented no evidence to document her alleged lack of financial resources"); *Campbell*, 2020 WL 587484, at *1, 2020 U.S. Dist. LEXIS 21742, at *3 (imposing taxes where the plaintiff "provide[d] no documentary support for his claimed indigency").

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion for costs (Dkt. No. 189) is **GRANTED in part,** to the extent that Defendant is awarded $1,177.36 in costs, but is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accord with the Local Rules.

**IT IS SO ORDERED.**

**Dated:** <u>April 22, 2025</u>

Brenda K. Sannes
Chief U.S. District Judge